# NOS. 12-09-00455-CR
# 12-09-00456-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *GREGORY LYNN APPLEGATE,* *APPELLANT* | § | *APPEALS FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Gregory Lynn Applegate appeals his convictions for aggravated sexual assault of a child and sexual assault of a child. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We dismiss these appeals.

## BACKGROUND

Appellant was charged by indictment with the offense of aggravated sexual assault of a child, a first degree felony.[1] He was also charged by indictment with the offense of sexual assault of a child, a second degree felony.[2] Appellant entered an "open" plea of guilty to the offenses charged in the indictments. In each case, Appellant and his counsel signed an agreed punishment recommendation, an acknowledgment of admonishments, a waiver of jury trial, an

---

[1] *See* TEX. PENAL CODE ANN. § 22.021 (a)(1)(B)(i), (a)(2)(B), (e) (Vernon Supp. 2010).

[2] *See* TEX. PENAL CODE ANN. § 22.011(a)(2)(A), (f) (Vernon Supp. 2010).

agreement to stipulate testimony, and a stipulation of evidence in which Appellant swore that all allegations pleaded in both indictments were true and correct and judicially confessed to the offenses alleged in the indictments.

The trial court adjudged Appellant guilty of both offenses. After a combined sentencing hearing, the trial court assessed Appellant's punishment at fifty years of imprisonment and a $10,000 fine for the offense of aggravated sexual assault of a child.[3] The trial court assessed Appellant's punishment at twenty years of imprisonment and a $10,000 fine for the offense of sexual assault of a child.[4] The terms of imprisonment are to be served concurrently. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders* and *Gainous*, stating that he has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. From our review of Appellant's brief, it is apparent that his counsel is well acquainted with the facts in these cases. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978), counsel's brief presents a chronological summation of the procedural history of the cases, and further states that counsel is unable to raise any arguable issues for appeal.[5] We have reviewed the record for reversible error and have found none.

## CONCLUSION

As required, Appellant's counsel has moved for leave to withdraw. *See In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We are in agreement with Appellant's counsel that the appeal is wholly frivolous and his motion for leave to withdraw is hereby **granted**. *See In re*

---

[3] *See* TEX. PENAL CODE ANN. § 12.32 (Vernon Supp. 2010).

[4] *See* TEX. PENAL CODE ANN. § 12.33 (Vernon Supp. 2010).

[5] Counsel for Appellant certified that he provided Appellant with a copy of his brief and informed Appellant that he had the right to file his own brief. Appellant was given time to file his own brief, but the time for filing such a brief has expired and we have received no pro se brief.

*Schulman*, 252 S.W.3d at 408-09.

Counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35. Should Appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or he must file a pro se petition for discretionary review. *See In re Schulman*, 252 S.W.3d at 408 n.22. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in these cases. *See* TEX. R. APP. P. 68.3; *In re Schulman*, 252 S.W.3d at 408 n.22. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4; *In re Schulman*, 252 S.W.3d at 408 n.22.

We *dismiss* Appellant's appeals.

Opinion delivered November 24, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

3